# EXHIBIT B2

Case 4:16-cv-03046   Document 1-3   Filed in TXSD on 10/13/16   Page 1 of 9

1082448

Harris County - County Civil Court at Law No. 3

10/10/2016 8:34:03 AM
Stan Stanart
County Clerk
Harris County

## CAUSE NO. 1082448

| | | |
|---|---|---|
| **EDUARDO RAMIREZ,** | § § | **IN THE COUNTY CIVIL COURT** |
| Plaintiff, | § § | |
| v. | § § | **AT LAW NO. 3** |
| | § | |
| **AMERICAN SECURITY INSURANCE COMPANY and ANDREW MCFEELEY,** | § § § | |
| Defendants. | § | **HARRIS COUNTY, TEXAS** |

## DEFENDANTS' ORIGINAL ANSWER

Defendants American Security Insurance Company and Andrew McFeeley ("Defendants") file this Original Answer and Requests for Disclosure against Plaintiff Eduardo Ramirez ("Plaintiff") as follows:

### I.
### GENERAL DENIAL

1. Pursuant to Texas Rule of Civil Procedure 92, Defendants assert a general denial to all claims and causes of action asserted by Plaintiff and demand strict proof thereof by a preponderance of the evidence.

### II.
### VERIFIED DENIAL

2. Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to recovery in the capacity in which he sues.

### III.
### AFFIRMATIVE DEFENSES

3. Plaintiff's claims are barred, in whole or in part, because paragraph 1.b of the "General Exclusions" section of the policy excludes losses caused by earth movement, including earth sinking, rising or shifting.

4. Plaintiff's claims are barred, in whole or in part, because paragraph 1.e in the "General Exclusions" section of the policy excludes losses caused by your neglect, meaning your neglect to use all reasonable means to save and preserve property at and after the time of the loss.

5. Plaintiff's claims are barred, in whole or in part, because paragraph 2.c of the "General Exclusions" section of the policy excludes losses caused by inadequate or defective; (1) planning, zoning, development, surveying, siting; (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (3) material used in repair, construction, renovation or remodeling; or (4) maintenance.

6. Plaintiff's claims are barred, in whole or in part, because paragraph 3.a in the "Perils Insured Against" section of the policy excludes losses caused by freezing, thawing, pressure, or weight of water or ice, whether driven by wind or not, to a (1) fence, pavement, patio or swimming pool; (2) footing, foundation; bulkhead; wall, or any other structure or device that supports all or part of a building or other structure.

7. Plaintiff's claims are barred, in whole or in part, because paragraph 3.f in the "Perils Insured Against" section of the policy excludes losses caused by: (1) wear and tear, marring, deterioration; (2) inherent vice, latent defect, mechanical breakdown; (3) smog, rust or other corrosion, fungi, mold, wet or dry rot; (4) smoke from agricultural smudging or industrial operations; (5) discharge, dispersal, seepage, migration release or escape of pollutants; (6) settling, shrinking, bulging or expansion, including resultant cracking, of pavements, patios, foundations, walls, floors, roofs or ceilings; or (7) birds, vermin, rodents, insects, or domestic animals.

8. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacked standing to assert the claims presented in the Original Petition.

9. Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, ratification, consent, settlement, payment, release, acquiescence, unclean hands, and/or *in pari delicto*.

10. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim or cause of action for punitive damages.

11. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

12. Plaintiff's claims are barred, in whole or in part, because Plaintiff has no privity of contract with Defendants.

13. Plaintiff's claims are barred, in whole or in part, by statutes of limitations and/or the doctrine of laches.

14. Plaintiff's claims are barred, in whole or in part, by the doctrines of contributory and/or comparative negligence.

15. Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

16. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate his damages.

17. Plaintiff's claims are barred, in whole or in part, because Defendants never sold the Policy to the Plaintiff.

18. Plaintiff's claims are barred, in whole or in part, because the damage sustained by Plaintiff is not covered under the Policy procured by Plaintiff's home mortgage lender.

19. Plaintiff's claims are barred, in whole or in part, because any damages suffered by Plaintiff were caused by the acts and omissions of a party or parties over whom Defendants did not exercise control or right of control.

20. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff has failed to describe how a denial of the claim converts, what is in fact, a mere contractual claim into extra-contractual tort claims and causes of action under the Texas Insurance Code.

21. Plaintiff's claims are barred, in whole or in part, by the specific terms of the Policy contract.

22. Plaintiff's claims and allegations of "bad faith" are barred, in whole or in part, because Defendants' liability to Plaintiff was not reasonably clear. A bona fide controversy existed and continues to exist concerning Plaintiff's entitlement to insurance proceeds from Defendants, and Defendants' liability, if any, has never become reasonably clear. Accordingly, Defendants had a reasonable basis for denying Plaintiff's claim.

23. Defendants aver that any award of punitive damages to Plaintiff in this case would be in violation of the constitutional rights and safeguards provided to it under the Constitution of the State of Texas and the Constitution of the United States of America including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, and imposition of a punitive damage award would allow a verdict tainted by passion and prejudice.

24. Imposition of punitive damages in this case would constitute a violation of Defendants' constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

25. Imposition of punitive damages in this case would constitute a violation of due

process and/or would be a violation of the statutory law of this state providing for a penalty. Plaintiff is not entitled to an award of punitive damages absent strict compliance with Chapter 41 of the Texas Civil Practice and Remedies Code.

26. Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to Defendants under the Due Process Clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or under the Due Course Clause of Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages and any method of which they might be assessed are unconstitutionally vague and not rationally related to a legitimate government interest.

27. Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to Defendants under the Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and/or under Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages are penal in nature and, consequently, Defendants are entitled to the same procedural and substantive safeguards afforded to criminal Defendants.

28. Defendants aver that it would violate the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America and/or Article I, Section 10 of the Constitution of the State of Texas, to impose punitive damages against it, which are penal in nature, yet would compel them to disclose potentially incriminating documents and evidence.

29. It is a violation of the rights and safeguards guaranteed by the Constitution of the United States of America and/or the Constitution of the State of Texas to impose punitive damages against Defendants which are penal in nature by requiring a burden of proof on Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

30. Defendants aver that any award of punitive damages to Plaintiff in this case will violate the Eighth Amendment to the Constitution of the United States and/or Article I, Section 13 of the Constitution of the State of Texas, in that said punitive damages would be an imposition of an excessive fine.

31. It would be unconstitutional to award any punitive damages as such would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 13 and 19 of the Constitution of the State of Texas in that:

   a. Said damages are intended to punish and deter Defendants, and thus this proceeding is essentially criminal in nature;

   b. Defendants are being compelled to be a witness against itself in a proceeding essentially and effectively criminal in nature, in violation of its rights to due process;

   c. The Plaintiff's burden of proof to establish punitive damages in this proceeding, effectively criminal in nature, is less than the burden of proof required in other criminal proceedings, and thus violates Defendants' rights to due process;

   d. That inasmuch as this proceeding is essentially and effectively criminal in nature, Defendants are being denied the requirement of notice of the elements of the offense and the law and the authorities authorizing punitive damages are sufficiently vague and ambiguous so as to be in violation of the Due Process Clause of the Fifth Amendment and/or the Fourteenth Amendment of the United States Constitution and also in violation of Article I, Sections 13 and 19 of the Constitution of the State of Texas.

32. Plaintiff has sustained no injury from the alleged conduct of Defendants.

33. Plaintiff's claims are barred, in whole or in part, because Defendants' claim-handling practices and all related activities conformed in every respect to accepted industry standards and practices.

34. Plaintiff's claims are barred, in whole or in part, because Defendants would show that there is an inherent mutual duty of good faith in the agreements related to this action and that

Plaintiff may have failed to act in good faith.

35. There has been no reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of punitive damages as required by Section 41.003 of the Texas Civil Practice & Remedies Code, therefore, that claim should not be allowed to proceed and should be dismissed and in all respects subject to the limitations set forth in Chapter 41 of the Texas Civil Practice & Remedies Code.

36. Plaintiff is not entitled to the recovery of attorney's fees and has failed to provide the statutory notices required to show entitlement to the same.

37. Plaintiff's claims for attorney's fees are barred in whole or in part because Plaintiff made an unreasonably excessive demand upon Defendants.

38. Plaintiff's claims for attorney's fees are barred in whole or in part because Plaintiff made an excessive demand upon Defendants in bad faith.

39. Defendants expressly reserve and preserve any and all rights it may have under the Policy or otherwise including, but not limited to, any right they may have to seek appraisal of the claims at issue.

## IV.
## REQUESTS FOR DISCLOSURE

40. Pursuant to Rule 194, Plaintiff is requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2(a)-(i).

Respectfully submitted,

EDISON, MCDOWELL & HETHERINGTON LLP

By: */s/ Bradley J. Aiken*
    Bradley J. Aiken
    State Bar No. 24059361
    Reed Burritt
    State Bar No. 24092201
First City Tower
1001 Fannin Street, Suite 2700
Telephone:  713-337-5580
Facsimile:  713-337-8850
Brad.aiken@emhllp.com
Reed.burritt@emhllp.com

*ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on October 10, 2016, on the following counsel of record by eServe:

Mathew Zarghouni
ZAR LAW FIRM
7322 Southwest Fwy, Suite 1965
Houston, Texas 77074
Phone: (713) 333-5533
Fax: (832) 448-9149
matt@zar-law.com

                                    */s/ Reed Burritt*
                                    Reed Burritt